UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    MARK F. NEVEAU,

        Debtor.
_____/

PETER SHUPE,
      Plaintiff,

v.

MARK F. NEVEAU,
      Defendant.
_____/

Case No. 24-20132-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 24-02008-dob

## OPINION GRANTING JUDGMENT IN FAVOR OF PLAINTIFF

### Introduction

The issue in this case is whether Plaintiff, Peter Shupe, is a bona fide purchaser of a 2019 PJ Trailer ("Trailer"). Mr. Shupe claims that he is a bona fide purchaser and is entitled to possession of the Trailer; Defendant Mark Neveau argues that Mr. Shupe is not a bona fide purchaser and is not entitled to possession of the Trailer. For the reasons stated in this Opinion, the Court concludes that Mr. Shupe is a bona fide purchaser and is entitled to possession of the 2019 PJ Trailer.

### Findings of Fact

The Court held a Trial in this matter on June 5, 2024 and heard testimony of Mr. Shupe and Mr. Neveau. The Court also admitted Exhibits 1-3 of Mr. Shupe and Exhibits A, and C-F of Mr. Neveau. Mr. Neveau withdrew Exhibit B in the course of the Trial. After hearing the

1

testimony and observing the demeanor of the witnesses, as well as closely reviewing the Exhibits, the Court makes the following findings of fact.

Mr. Neveau and Gina Ridley were members of Legendary Fabrication & Welding LLC, a Michigan limited liability company ("Legendary"). Legendary was engaged in aircraft tooling and trucking. To that end, Legendary needed equipment to transport certain items and wanted the use of the Trailer. However, Legendary was not well established and Ms. Ridley had a superior credit score, so the purchase of the Trailer was accomplished by having Ms. Ridley buy the Trailer and her name placed on the Certificate of Title issued by the State of Michigan. Sheffield Financial financed this purchase and Legendary made the monthly payments to Sheffield Financial. As early as September 29, 2021, Ms. Ridley decided to scale back her involvement in Legendary, which ultimately resulted in the dissolution of Legendary by Court Order dated October 27, 2023. During this time, Legendary continued to make payments to Sheffield Financial such that by late fall of 2022 the Sheffield Financial obligation was paid and the lien on the Certificate of Title was removed.

By November, 2023, it became apparent to Mr. Neveau that legal action was necessary to dissolve Legendary. Although there were numerous discussions regarding the possible buyout of Ms. Ridley or other financial arrangements to allow Legendary to continue, Mr. Neveau decided to have his attorney file a Complaint with the Sanilac County Circuit Court on November 18, 2022. There is no evidence that Mr. Shupe was aware of the lawsuit when it was filed.

In the fall of 2022, Mr. Shupe became aware of the Trailer when a friend alerted him of its posting on the Facebook Marketplace by Ms. Ridley. Mr. Shupe drove past the Trailer from time to time when it was sitting on the Legendary business property and stopped to look at it. Since this Trailer met Mr. Shupe's requirements, he made further inquiry with Ms. Ridley and met with

her to discuss the purchase of the Trailer. They agreed on a purchase price of $10,000 after Ms. Ridley assured Mr. Shupe that the Title to the Trailer was in her name. To that end, Mr. Shupe looked at the Title and confirmed that Gina Marie Ridley was the owner and that Sheffield Financial had a security interest in the Trailer. He was further assured that the Sheffield Financial lien was paid by a release of lien signed by Sheffield Financial. Thereafter, Mr. Shupe and Ms. Ridley met at a McDonald's to exchange paperwork and payment on November 25, 2022. He was told that he could take the Trailer after he made the payment and tried to do so after he received Title to the Trailer in December 2022. Exhibit 2 contained a copy of the Certificate of Title of Mr. Shupe's name, as well as the Certificate of Title in Ms. Ridley's name.

Mr. Shupe went to Legendary to take possession of the Trailer but he was stopped by Mr. Neveau who informed him that there were some differences between him and Ms. Ridley and that Mr. Shupe should be patient for awhile until Mr. Neveau and Ms. Ridley resolve their differences. Mr. Shupe was patient but from time to time would inquire as to when he could take possession of the Trailer and was continually informed that there was a dispute between Mr. Neveau and Ms. Ridley. On one occasion, Mr. Shupe called the Huron County Sheriff's Department for intervention but was informed after the visit from the Sheriff that the Sheriff viewed the matter as a private issue and that no criminal acts were committed. Mr. Shupe subsequently contacted the Sanilac County Sheriff's Department and received the same communication.

On June 30, 2023, Mr. Shupe filed an affidavit and claim in small claims court with the Huron County District Court. In this document, Mr. Shupe claimed $6,500, the limit that a Small Claims Court could award, and stated the basis for his claim was that he paid for the Trailer in full and had a Bill of Sale but that Mr. Neveau refused to give him possession of the Trailer so he incurred loss of work, as well as court costs. Mr. Neveau retained an attorney who removed the

small claims action to District Court and subsequently sought a change of venue to the Sanilac County District Court. Venue was changed to the Sanilac County District Court but before a hearing could be held, Mr. Neveau filed his Chapter 13 petition with this Court on February 4, 2024. On February 2, 2024, Mr. Neveau filed the instant adversary proceeding to remove the Sanilac County District Court case to this Court. Subsequently, this Court held status conferences on April 9, 2024, April 23, 2024, and May 21, 2024. At these status conferences, the Court heard statements of Mr. Shupe and Mr. Neveau's counsel, and was able to narrow the issue to the question of whether Mr. Shupe was a bona fide purchaser. It also became apparent at these conferences that Mr. Shupe wanted possession of the Trailer, as well as damages. In fact, Mr. Shupe's major focus was to obtain possession of the Trailer because he could use the Trailer to transport items in his business.

At Trial, it was pointed out that Mr. Shupe's Exhibit 1 was a receipt signed by Gina Ridley dated November 25, 2023, but that the Certificate of Title was issued on December 15, 2022. Moreover, Exhibit 3, a transaction receipt evidencing that Mr. Shupe paid the state use tax on this transaction, had an issue date of September 11, 2023. Finally, Exhibit A, which contained an email from Ms. Ridley to Mr. Neveau and a Ms. Legassa stated the following: "If you would like to work out something with Peter Shupe, he is willing to talk to you. However, the Trailer has been sold. It is no longer mine and he would like to pick it up as soon as possible. Let me know where he can pick it up." While there was an insinuation at Trial that the receipt was suspect, the explanation that the 2023 date was misstated appears to be the most likely conclusion as the email provided by Mr. Neveau substantiates the November 25, 2023 date and it fits with the December 15, 2022 date that the State of Michigan issued the Certificate of Title to Mr. Shupe. Finally, the Court could not square why Mr. Shupe would pay a state use tax of $540 on a transaction that is to have been

4

completed on November 25, 2023, and Exhibit 3 had an issue date of September 11, 2023. The Court could not see how Mr. Shupe paid a state use tax on a transaction approximately 2 ½ months before November 25, 2023 if the 2023 date was accurate. Instead, the Court concludes that Mr. Shupe's explanation that he was asked to provide proof of payment of the state use tax was made in late August or September of 2023 and that the issue date of the receipt in Exhibit 3 is merely the date that the receipt was indeed issued. Finally, Mr. Neveau's Exhibit E is a stipulated order to dissolve the business entered by the Sanilac County Circuit Court. In that Order, a receiver is appointed and there is no indication as to the division of any proceeds after the receiver liquidates assets. There is a provision, however, that states that the receiver may apportion fees if the receiver deems a party is not complying with the receiver.

## Jurisdiction

This case comes to the Court after being removed by the Debtor/Defendant, Mr. Neveau. As the issue of property of the estate appears to be a question, as well as claims against the estate, this Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334, 157(a), and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate or exemptions from property of the estate) and (E) (orders to turn over property of the estate).

## Analysis

As stated by Mr. Neveau's counsel, the question in this case is whether Mr. Shupe is a bona fide purchaser. Before the Court can address this issue, the Court must first determine whether Mr. Shupe's potential status as a bona fide purchaser is relevant. This issue was raised by Mr. Neveau because the small claims pleadings filed with the Huron County District Court merely sought $6,500 in damages with no mention of the turnover of the Trailer to Mr. Shupe. Mr.

Neveau's argument is bolstered by language in the affidavit and claim form in paragraph 10 which states: "Plaintiff understands and accepts that the claim is limited to $6,500 by law and that the Plaintiff gives up the right to: (a) recover more than this limit; (b) an attorney; (c) a jury trial; and (d) appeal the judge's decision." Had this matter stayed in the Small Claims Court, Mr. Neveau's arguments would be stronger.

But Mr. Neveau, through counsel, sought the removal of the matter from Small Claims Court and instead brought it to the Huron County District Court and in turn sought a change of venue to the Sanilac County District Court. Moreover, the request to remove the Sanilac County District Court action to this Court would be completely unnecessary if the only issue is whether Mr. Shupe had a $6,500 claim against Mr. Neveau. The easy answer to that question would be that Mr. Shupe would file a proof of claim with this Court and the Sanilac County District Court would administratively close its file because of the bankruptcy stay. So, Mr. Neveau's actions cannot be explained easily by just determining that the only amount at issue here is the $6,500 claim originally made by Mr. Shupe.

It is also very persuasive that Mr. Shupe, when this case was first set for status conference, made it clear to the Court that he wanted possession of the Trailer. He has been steadfast in that position and articulated that position clearly at the June 5, 2024 Trial. It is extremely clear, therefore, that Mr. Shupe wants possession of the Trailer.

Two principles guide this Court. First, pro se litigants such as Mr. Shupe are allowed some leeway in their pleadings and presentation of evidence to this Court. Pleadings filed by a pro se litigant are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972). A court may not uphold the dismissal of such a pleading "simply because the court finds the [pro se litigant's] allegations

unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992). Filings by pro se litigants are to be construed liberally. *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

Second, leave is freely given to amend complaints even after trial. See Federal Rule of Civil Procedure 15(a)(2) and (b)(1) and (2), made applicable by Federal Rule of Bankruptcy Rule 7015. This is supported by the Sixth Circuit case of *Miller v. American Heavy Lift Shipping, et al.*, 231 F.3d 242 (6th Cir. 2000), which held that leave to amend should be generally granted and that the second amended complaint should be deemed to relate back pursuant to Rule 15(c)(1). The *Miller* Court noted that "whether a statute of limitations will be permitted to bar an amended claim turns on whether the amended claim arose out of the same conduct, transaction, or occurrence as that set forth in the original complaint." Keeping in mind *Miller's* statement that "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings," and a court "will permit a party to add even a new legal theory in an amended pleading so long as it arises out of the same transaction or occurrence." *Id*. at 248, these motions are routinely granted.

Applying these two principles in this case, Mr. Shupe has consistently stated that he wants possession of the Trailer and that position was understood by Mr. Neveau and his counsel. The question framed by Mr. Neveau's counsel of whether Mr. Shupe is a bona fide purchaser of the Trailer likewise squarely falls within the conclusion that this Court must determine who is entitled to possession of the Trailer. Accordingly, the Court considers the issue of the possession of the Trailer relevant to this action and will allow any amendments to the pleadings, if necessary, to make that issue clear.

Turning to the issue of a bona fide purchaser, the general rules argued by Mr. Neveau are the issues of the elements of a bona fide purchaser: (1) a purchaser who buys property of another; (2) without knowledge of interest of another; and (3) who pays a full and fair price. The Bankruptcy Code does not define good faith purchaser. The Sixth Circuit has "adopted the traditional equitable definition of 'good faith purchaser,' defined as one who purchases the assets for value, in good faith, and without notice of adverse claims." *Merriweather v. Official Committee of Unsecured Creditors (In re Made in Detroit, Inc.)*, 414 F.3d 576, 581 (6th Cir. 2005) (internal quotation marks and citation omitted). "'To show a lack of good faith, the [objecting party] must demonstrate that there was fraud or collusion between the purchaser and the seller or the other bidders, or that the purchaser's actions constituted an attempt to take grossly unfair advantage of other bidders.'" *Id*. (quoting *255 Park Plaza Assocs. Ltd. P'ship v. Conn. Gen. Life Ins. Co. (In re 255 Park Plaza Assocs. Ltd. P'ship*), 100 F.2d 1214, 1218 (6th Cir. 1996)). "The good-faith requirement speaks to the integrity of [the purchasers'] conduct in the course of the sale proceedings." *Id*. (internal quotation marks and citation omitted).

Mr. Neveau argues that Mr. Shupe is not a bona fide purchaser because of the location of the Trailer which should have caused him to engage in more due diligence to determine the true owner of the Trailer. Per Mr. Neveau, he argues that with the Trailer being located on Legendary's property it would be assumed that the Trailer is Legendary's and not Ms. Ridley's.

At first blush, Mr. Neveau's argument is intriguing. Taking that argument further, even assuming the location of the Trailer, Mr. Shupe did engage in due diligence. First, he noticed the listing of the Trailer on Facebook Marketplace. Second, he physically inspected the Trailer and satisfied himself that it is a Trailer that he could use. Third, he contacted Ms. Ridley about the Trailer and was assured that she owned the Trailer. Fourth, Ms. Ridley supplied Mr. Neveau with

a Certificate of Title that indicated that she was the owner of the Trailer but that Sheffield Financial had a security interest. Fifth, Mr. Shupe was then shown a Release of Lien and Satisfaction of Claim by Sheffield Financial which evidenced that Ms. Ridley had free and clear title to the Trailer.

Mr. Neveau argues that Legendary was being dissolved shortly before Mr. Shupe purchased the Trailer. In that regard, it is true that the complaint to dissolve Legendary was filed on November 18, 2022, but there is no evidence that the complaint was either served on Ms. Ridley or that Mr. Shupe had any notice of the dissolution. Even given full effect to the location of the Trailer, it is the finding of this Court that Mr. Shupe satisfied all due diligence requirements such that he does qualify as bona fide purchaser of the Trailer.

One other fact worth noting is that Mr. Neveau was advised as early as November 25, 2022 that Ms. Ridley had sold the Trailer to Mr. Shupe. There was nothing in the record to indicate what Mr. Neveau did after he learned of this fact, even though it occurred one week after the dissolution that was filed with the Sanilac County Circuit Court. Mr. Neveau's counsel expertly tried to explain that Mr. Neveau was trying to negotiate with Ms. Ridley, but the consent order entered approximately one year later makes no mention whatsoever of Ms. Ridley's allegedly improper action of selling the Trailer to Mr. Shupe. Moreover, the consent order allows a mechanism to readjust the amounts that may be owed to Mr. Neveau by Ms. Ridley or vice versa for that fact. With this record, Mr. Neveau is not without a remedy, it is just that Mr. Shupe satisfied the elements of qualifying as a bona fide purchaser. Accordingly, the Court finds and holds that Mr. Shupe is a bona fide purchaser and is entitled to the Trailer.

Mr. Shupe also requested damages of $10,000 for the loss of use of the trailer and rental costs for a substitute trailer. Most of these damages were incurred pre-petition, but not all. To allow the Chapter 13 Trustee to review this issue, the Court allows Mr. Shupe leave to file a proof

of claim by July 31, 2024. The issue of the nature of damages can be clarified by the allowance of claims process.

The Court enters an Order consistent with this Opinion.

**Not for Publication**

**Signed on June 12, 2024**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**